<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH HALL, et al.,           : | Civil Action No.: 08-3216 (JAG) |
| :                            | |
| Plaintiffs,       : | |
| :                            | |
| v.                  : | **O P I N I O N** |
| :                            | |
| DR. A., et al.,                : | |
| :                            | |
| Defendants.        : | |
| :                            | |

**APPEARANCES:**

Joseph Hall, <u>Pro</u> <u>Se</u>
#J200727720/328767
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105

**GREENAWAY, JR.**, District Judge

Plaintiff, Joseph Hall, is currently confined at the Essex

County Correctional Facility, Newark, New Jersey.  Plaintiff Hall

seeks to bring this action on behalf of himself and three

additional plaintiffs, pursuant to 42 U.S.C. § 1983, alleging

violations of their constitutional rights.[1]  Plaintiff Hall is

---

[1]     To the extent that plaintiff seeks to assert claims on
behalf of other inmates, his request is denied.  With limited
exception, "a litigant must assert his or her own legal rights
and interests, and cannot rest a claim to relief on the legal
rights or interests of third parties." <u>Powers v. Ohio</u>, 499 U.S.
400, 410 (1991).  Further, plaintiff does not meet the
prerequisites to maintain a class action.  <u>See</u> Fed. R. Civ. P.
23(a); <u>Fymbo v. State Farm</u>, 213 F.3d 1320 (10th Cir.
2000)(holding that <u>pro</u> <u>se</u> plaintiff cannot be an adequate class
representative); <u>Ziegler v. Michigan</u>, 90 F. App'x 808 (6th Cir.
2004)(unpubl.)(same); <u>Fowler v. Lee</u>, 18 F. App'x 104 (4th Cir.

the only plaintiff who submitted an application to proceed <u>in</u> <u>forma pauperis</u>.[2]

At this time, this Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

<u>**BACKGROUND**</u>

Plaintiff alleges that the medical department has subjected him, a detainee, to:

> deliberate indifference by failing to provide proper medical treatment and scheduling medical treatment for treatment and medical assistance that CFG Health Care cannot provide [] scheduling of medical trip, grossly incompetent or inadequate care by prison officials and personnel can constitute deliberate indifference to inmates serious medical needs in violation of 8th amendment free from cruel and unusual punishment as can doctor's decision to take easier less [] course of treatments included there is no law library available to use here in building (5) of Essex County Correctional Facility in Newark. We need outside help and an attorney from American Civil Liberties Union to help litigation.
>
> Plaintiff asks for declaratory and injunctive relief.

---

2001)(unpubl.)(same); <u>Welch v. Terhune</u>, 11 F. App'x 747 (9th Cir. 2001)(unpubl.) (same).

   [2] Because none of the additional plaintiffs have submitted complete <u>in forma pauperis</u> applications, and mail addressed to them by the Clerk has been returned, they have been dismissed from this action, without prejudice, for failure to comply with 28 U.S.C. §§ 1915(a), (b), by separate order.

<u>**DISCUSSION**</u>

**A.    <u>Standard of Review</u>**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." <u>Santana v. United States</u>, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled

3

allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

B.    **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.    **Plaintiff's Complaint Will Be Dismissed, Without Prejudice.**

Plaintiff asserts a medical care claim, and a claim that he, as well as other inmates, are denied access to the courts.

1.    Medical Care Claim

Although unclear from the face of the complaint, it appears that plaintiff is a pretrial detainee.  Pretrial detainees' medical treatment claims arise under the Due Process Clause of the Fourteenth Amendment.  See Natale v. Camden County Corr.

5

<u>Facility</u>, 318 F.3d 575, 581 (3d Cir. 2003).  As stated by the

Court of Appeals for the Third Circuit:

> In general, a pre-trial detainee's due process rights
> are violated if the conditions of his confinement
> amount to punishment prior to an adjudication of guilt.
> <u>See</u> <u>Hubbard v. Taylor</u>, 399 F.3d 150, 158 (3d Cir.
> 2005).  However, we also have evaluated pre-trial
> detainees' claims of inadequate medical care under the
> deliberate indifference standard applied to the Eighth
> Amendment claims of convicted prisoners.  <u>See</u>, <u>e.g.</u>,
> <u>Natale</u>, 318 F.3d at 581-82.

<u>Heleva v. Kunkle</u>, 2008 WL 3318968 at *2 (3d. Cir. Aug. 12,

2008)(slip copy).  In this case, plaintiff has not alleged facts

sufficient under either standard.

The Eighth Amendment proscription against cruel and unusual

punishment requires that prison officials provide inmates with

adequate medical care.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-

04 (1976).  In order to set forth a cognizable claim for a

violation of his right to adequate medical care, an inmate must

allege a serious medical need and behavior on the part of prison

officials that constitutes deliberate indifference to that need.

<u>See</u> <u>id.</u> at 106.

To satisfy the first prong of the <u>Estelle</u> inquiry, the

inmate must allege facts indicating that his medical needs are

serious.  "Because society does not expect that prisoners will

have unqualified access to health care, deliberate indifference

to medical needs amounts to an Eighth Amendment violation only if

those needs are 'serious.'"  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9

(1992).  Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for a doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss.  See Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.  See Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment."  Inmates of Allegheny County Jail v. Pierce, 612 F.2d

754, 762 (3d Cir. 1979) (internal quotation and citation omitted).

Here, plaintiff has not alleged facts indicating that he has any medical need, and certainly has not alleged a serious medical need. His complaint lists general concerns about medical care, scheduling, and "courses of treatment." Further, plaintiff has not alleged facts indicating that any defendant was deliberately indifferent to his unspecified needs. Because plaintiff makes general allegations that the medical care at the facility is inadequate, without any reference to violations of his particular rights, he also has not alleged facts indicating that he has been "punished" prior to the adjudication of guilt.

Because plaintiff has failed to establish either an Eighth Amendment or Fourteenth Amendment violation, these claims will be dismissed for failure to state a claim upon which relief can be granted. However, the dismissal will be without prejudice to plaintiff filing a motion to file an amended complaint, in order to correct the deficiencies of his claims, in accordance with the attached Order.

2. <u>Access to Courts Claim</u>

Plaintiff asserts that there is no law library at the Essex County Correctional Facility. However, in his attachments to the complaint, plaintiff notes that there is a computer screen and a

keyboard, which plaintiff refers to as the "legal computer," presumably available for access to computerized legal research.

The constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances.  See Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983).  In addition, the constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights.  See Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).  See also Peterkin v. Jeffes, 855 F.2d 1021, 1036 n.18 (3d Cir. 1988) (chronicling various constitutional sources of the right of access to the courts).

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  The right of access to the courts is not, however, unlimited.  "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and

in order to challenge the conditions of their confinement. Impairment of any <u>other</u> litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." <u>Lewis v. Casey</u>, 518 U.S. 343, 355 (1996) (emphasis in original).

Additionally:

<u>Bounds</u> did not create an abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. ... [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint."

<u>Lewis</u>, 518 U.S. at 351.

In describing the scope of services which must be provided by the state to indigent prisoners, the Supreme Court has stated, "[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them. ... This is not to say that economic factors may not be considered, for example, in choosing the methods used to provide meaningful access. But the cost of protecting a constitutional

10

right cannot justify its total denial." <u>Bounds</u>, 430 U.S. at

824-25, <u>clarified on other grounds</u>, <u>Lewis v. Casey</u>, 518 U.S. 343.

Thus, a prisoner alleging a violation of his right of access

must show that prison officials caused him past or imminent

"actual injury." <u>See</u> <u>Lewis</u>, 518 U.S. at 348-55 and n.3 (1996);

<u>Oliver v. Fauver</u>, 118 F.3d 175, 177-78 (3d Cir. 1997).

Here, plaintiff has not alleged that he sought to pursue the

type of case protected by the constitutional right of access to

the courts; nor has he alleged "actual injury."[3] Thus, he has

failed to state a claim for denial of his constitutional right of

access to the courts. Again, the dismissal will be without

prejudice to the plaintiff filing a motion to file an amended

complaint in order to correct the deficiencies of his claims, in

accordance with the attached Order.

_____

[3] Further, plaintiff should note that courts have dismissed
access to court challenges of represented prisoners who claim a
lack of access to the law library. <u>See</u> <u>Demeter v. Buskirk</u>, 2003
WL 22416045 at *3 (E.D. Pa. Oct. 20, 2003)(unpubl.)(citing
<u>Martucci v. Johnson,</u> 944 F.2d 291, 295 (6th Cir. 1991); <u>Davis v.</u>
<u>Milwaukee County</u>, 225 F. Supp.2d 967, 973 (E.D. Wis. 2002)); <u>see</u>
<u>also</u> <u>Cook v. Boyd</u>, 881 F. Supp. 171, 176 (E.D. Pa. 1995)(stating
"[w]here a prisoner is provided an attorney by the state to
represent him at a civic hearing, the prisoner's right to access
to the courts is vindicated."); <u>Russell v. Hendrick</u>, 376 F. Supp.
158 (E.D. Pa. 1974)(stating that "[i]f a prisoner has reasonable
access to legal counsel then he has the means to prepare, serve
and file whatever documents are necessary;" and holding that
"plaintiff, through counsel, had adequate access to the courts
and was not in the least damaged by his inability to do his own
legal research to supplement that of his attorney").

11

## CONCLUSION

Based on the foregoing, plaintiff's complaint will be dismissed, without prejudice.  See Alston, 363 F.3d at 234 n.7 (stating that with a complaint that makes "little sense," District Court could have dismissed complaint without prejudice, to permit plaintiff to amend the complaint to make it plain). This Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action."  Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)).

In this case, if plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen this case and assert these claims, in accordance with the attached Order.


 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:    October 30, 2008

12